UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Davieyon Develle Hopkins, | ) |
|                            Petitioner, | ) C/A No. 5:18-cv-03597-DCC |
| vs. | ) |
| Warden FCI Edgefield, | ) ORDER |
|                            Respondent. | ) |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). Respondent filed a Return and Motion to Dismiss. ECF Nos. 20, 21. Petitioner filed a Response in Opposition. ECF No. 25. On September 4, 2019, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be granted, that the Petition be denied, and that the case be dismissed without prejudice. ECF No. 33. Petitioner filed objections to the Report. ECF No. 43.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge has provided a thorough recitation of the relevant facts and procedural background in this case, which the Court incorporates into this Order by reference. Petitioner seeks resentencing arguing that he is factually innocent of his sentence enhancement under 21 U.S.C. § 851 due to a change in the law. ECF No. 1. He relies on the holdings in *Mathis v. United States,* 136 S. Ct. 2243 (2016), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011).[1]

The Magistrate Judge determined that the Motion should be granted and the Petition dismissed because Petitioner waived the right to challenge his sentence under the terms of his plea agreement. *Id*. In his objections, Petitioner states that he objects to the Magistrate Judge's recommendation "for the arguments contained in his response to Respondent's Motion to Dismiss." ECF No. 43 at 3. In his Response, Petitioner argued that (a) the plea agreement did not state he waived his rights under §§ 2255 or 2241, (b)

---

[1] The relevant holdings of these cases are explained by the Magistrate Judge. ECF No. 33 at 3.

the plea agreement did not prohibit him from challenging his sentence because of ineffective assistance of counsel, and (c) for the waiver to be effective the guilty plea had to be made voluntarily. ECF No. 25 at 3.

As noted by the Magistrate Judge, "[a] defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (quoting *United States v. Davis*, 689 F.3d 349, 354 (4th Cir. 2012)).[2] A court will enforce the waiver if it is valid and if the appealed issue falls within the scope of the waiver. *See Davis*, 689 F.3d at 355. A waiver may still be valid in light of a subsequent change in the law so long as the defendant was sentenced within the appropriate guidelines range established at the time of sentencing and the sentence is precisely in the manner the defendant anticipated. *See Copeland*, 707 F.3d at 529 (dismissing due to a valid waiver petitioner's argument that, in light of *Simmons*, he should not have been subject to the enhanced statutory sentencing range under § 841(b)(1)(B) or designated as a career offender under § 4B1.1).

During his criminal case, Petitioner agreed to "waive[] the right to contest either the conviction or the sentence in any direct appeal or other post conviction action, including

---

[2] "[E]ven a knowing and voluntary waiver of the right to appeal cannot prohibit the defendant from challenging a few narrowly-construed errors." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). Those permissible appeals include: (1) claims that the sentence was imposed in excess of the maximum penalty allowed by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, and (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver. *United States v. March*, No. 3:08-cv-590-CMC, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). Petitioner does not assert any of these errors.

any proceedings under 28 U.S.C. § 2255" except for "claims of ineffective assistance of counsel or prosecutorial misconduct" in exchange for the government dismissing four counts of the indictment and recommending a sentence of 30 years. ECF No. 31 at 1, 4. On March 22, 2002, Petitioner's sentencing court filed a document titled "Entry and Acceptance of Guilty Plea" in which the court reviewed the terms of Petitioner's plea agreement and Petitioner acknowledged that he waived the right to challenge his conviction and/or sentence in a post-conviction proceeding. ECF No. 20-1 at 3. Petitioner also confirmed that it was his signature on the plea agreement and that he had not been threatened, intimidated, or forced to enter the plea agreement. *Id*.

Accordingly, upon de novo review of the record, the applicable law, and the Report, the Court finds that Petitioner' present Petition is barred by the terms of his plea agreement. While Petitioner may not have waived his right to file a motion pursuant to § 2255 or a petition pursuant to § 2241, the terms of his plea agreement waive his right to challenge the sentence in a post-conviction action unless he brings a claim of ineffective assistance of counsel or prosecutorial misconduct. Neither of these claims were raised here. Moreover, the record establishes that the plea agreement was entered into freely and voluntarily and the sentence given was within the applicable guideline range.

Therefore, the Motion to Dismiss [21] is **GRANTED**, the Petition is **DENIED**, and this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 23, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.